J-A02028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREG ALAN GIBBS, SR. | : | |
| | : | |
| Appellant | : | No. 379 WDA 2020 |

Appeal from the PCRA Order Entered February 24, 2020
In the Court of Common Pleas of Bedford County Criminal Division at
No(s):  CP-05-CR-0000008-2009

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: MARCH 16, 2021**

Appellant, Greg Alan Gibbs, Sr., appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition.  Appellant asserts that trial counsel was ineffective by not advising him of the possibility of entering a guilty plea and by not seeking a plea offer from the Commonwealth.  We affirm.

A previous panel of this Court summarized the procedural history of this case as follows:

> In August of 2007, the Commonwealth arrested and charged Appellant with [rape of a child and related offenses] for his illegal sexual contact with his two biological children and his stepdaughter.  The Commonwealth subsequently filed a bill of particulars setting forth three specific ranges of dates when the contact occurred, covering a total of eight consecutive months

---

[1] 42 Pa.C.S. §§ 9541-9546.

from August 2004 through March 2005.  After the jury returned a guilty verdict on all charges:

the trial court imposed statutory maximum sentences on six counts of rape, running them consecutively to form an aggregate sentence of 120 to 240 years' incarceration.  In addition, the court later determined that Appellant was a Sexually Violent Predator under Megan's Law, 42 Pa.C.S.[] §§ 9791-9799.9.  Post sentence motions were subsequently denied, and Appellant filed [a] timely notice of appeal.

*    *    *

This Court affirmed in all respects addressed with the exception of the discretionary aspects of sentencing because the trial court had failed to demonstrate that it was knowingly departing from all guidelines available to it.

*    *    *

Following remand, on January 11, 2012, the [trial] court re-sentenced Appellant to an aggregate term of incarceration of not less than 217 nor more than 467 years. . . .

Appellant filed post-sentence motions arguing merger of some of the counts, improper mandatory sentencing, and abuse of discretion.  On May 23, 2012, the [trial] court granted the motion to the extent that some of the counts merged for sentencing purposes and amended the sentence to an aggregate term of no less than 137 nor more than 307 years' incarceration.

***Commonwealth v. Gibbs***, 959 WDA 2012, 2013 WL 11260383, at *1 (Pa. Super. filed July 22, 2013) (unpublished mem.) (citations and footnotes omitted, and some formatting altered), *appeal denied*, 86 A.3d 232 (Pa. 2014).  This Court affirmed Appellant's judgment of sentence on July 22, 2013, and our Supreme Court declined further review on February 28, 2014. ***Id.***

Appellant filed a timely *pro se* PCRA petition on September 23, 2014. The PCRA court appointed counsel for Appellant, and PCRA counsel filed

- 2 -

several amended PCRA petitions. Appellant raised several claims of ineffective assistance of trial counsel including: (1) failure to explain to Appellant that a guilty plea would be limited to certain charges rather than all of the charges; (2) failure to explain to Appellant the maximum possible sentence if all sentences were imposed consecutively; and (3) failure to enter into plea negotiations with the Commonwealth. Third Am. PCRA Pet., 6/25/19, at 3-4, 6-7 (unpaginated).

The PCRA court held evidentiary hearings on April 26, 2019, and July 17, 2019, at which trial counsel and Appellant testified. Trial counsel testified that he met with Appellant numerous times before trial. N.T., 4/26/19, at 11. When asked if he told Appellant that Appellant was facing the possibility of spending the rest of his life in prison, trial counsel replied that he did not recall putting it in those terms, he stated, "I know I would have gone over the maximum[ sentences] and the ranges given his prior record . . . and that if the judge ran [the sentences] consecutive[ly] he could be looking at in excess of a hundred years." *Id.* at 58. Trial counsel recalled Appellant "was pretty adamant he didn't do this. He was innocent." *Id.* at 12.

Trial counsel testified that he did not recall, and his case notes did not reflect, that the Commonwealth made any plea offers, written or oral. *Id.* at 13, 51. According to trial counsel, at the time of Appellant's trial, it was the standard practice of the Bedford County District Attorney's Office to extend plea offers by letter. *Id.* at 50-51. Trial counsel explained if he had received a written plea offer, he would have made a copy for Appellant and discussed

it with Appellant at one of their meetings. *Id.* at 29, 40-41, 51, 59. Further, trial counsel stated that he did not request a plea offer from the Commonwealth because Appellant insisted that he was innocent. *Id.* at 13-14, 51, 58. For the same reason, trial counsel said he did not discuss what charges Appellant might consider pleading guilty to as part of a plea bargain. *Id.* at 44.

Appellant testified that trial counsel met with him between ten and fifteen times before trial and that each of these meetings lasted between ninety minutes and two hours. N.T., 7/17/19, at 24-25. Appellant stated that trial counsel did not explain the concepts of consecutive sentences versus concurrent sentences or the maximum possible sentence he could receive if convicted. *Id.* at 14-15.

Appellant testified he did not receive an official plea offer from the Commonwealth. *Id.* at 10. Appellant noted that he maintained his innocence throughout trial, and he continued to profess his innocence at the PCRA hearing. *Id.* at 11. Appellant admitted that he did not tell trial counsel that he was interested in considering a potential plea offer and he did not instruct trial counsel to pursue a plea offer. *Id.* at 11-13. However, Appellant testified that if a plea offer was presented to him, he would "most likely" consider it, but the offer would have had to drop some of the charges he was facing and include a sentencing recommendation that would include the possibility of him being paroled in his lifetime. *Id.* at 13-14. Appellant conceded that he did not tell trial counsel that he would have accepted a plea offer that met these

conditions. *Id.* Appellant did not call any other witness or present any other evidence regarding what the Commonwealth would have included in a plea offer if Appellant had requested one or if the Commonwealth would have extended a plea offer at all.

On February 24, 2020, the PCRA court denied Appellant's petition. Appellant filed a timely notice of appeal on March 9, 2020. The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925(b), but filed a Pa.R.A.P. 1925(a) opinion on July 20, 2020.

Appellant raises the following issues on appeal:

1. Whether or not the [PCRA c]ourt erred or misapplied the law when it found that trial counsel was not ineffective where trial counsel did not discuss the plea and trial process with the [Appellant], including important matters such as explaining the difference between consecutive and concurrent sentences, minimum and maximum sentences, open and closed pleas, and reducing the number of charges?

2. Whether or not the [PCRA c]ourt erred when it found that trial counsel is not or should not be obligated under Pennsylvania law to request a plea offer from the Commonwealth so that the [Appellant] can weigh all available options prior to proceeding to trial?

Appellant's Brief at 6 (some formatting altered).

We summarize Appellant's arguments together as they are closely related. Appellant argues that his trial counsel was ineffective because he (1) did not discuss the possibility of a plea bargain with Appellant, (2) did not discuss the maximum possible sentence Appellant was facing if he was found

guilty at trial, and (3) did not request a plea offer from the Commonwealth. *Id.* at 21-30, 35-38.

Initially, Appellant concedes that there is no constitutional right to be offered a plea bargain. *Id.* at 37. However, Appellant contends that an attorney can be ineffective by not explaining the plea process to a defendant, especially where the defendant can expect leniency based on a plea. *Id.* at 23-24, 33 (citing *United States v. Booth*, 432 F.3d 542 (3rd Cir. 2005)). Appellant further asserts that an attorney is ineffective when he fails to inform his client of the correct maximum possible sentence if found guilty at trial. *Id.* at 25-26, 34 (citing *United States v. Day*, 969 F.2d 39, 44 (3rd Cir. 1992)). Appellant claims that in the instant case, his trial counsel was ineffective because he failed to explain to him that the trial court could impose sentences concurrently or consecutively and that some of the charges against him could be dismissed as part of plea agreement. *Id.* at 26-30. Appellant requests that we "find that under Pennsylvania law defense counsel has an obligation to request a plea offer from the Commonwealth and failure to do so may constitute ineffective assistance of counsel." *Id.* at 38.

As to prejudice, Appellant argues that trial counsel's ineffectiveness prevented him from making a knowing, intelligent, and voluntary decision about whether to proceed to trial instead of entering a plea. *Id.* at 26-30, 34-38. Appellant contends that he suffered prejudice because he was sentenced to a term of 137 to 307 years' incarceration, an effective life sentence,

following trial, when a plea bargain could have included a sentence where he would be paroled in his lifetime. *Id.* at 36-38.

The Commonwealth responds that Appellant has not established any of the prongs of an ineffective assistance of counsel claim. Commonwealth's Brief at 16, 18. The Commonwealth contends because "there is no constitutional requirement that defense counsel ask the prosecution to extend a plea offer[,]" Appellant's claim lacks arguable merit. *Id.* at 18. Further, the Commonwealth asserts "[t]rial counsel is not required to seek a plea agreement, especially where his client professes his innocence." *Id.* at 17 (citing *United States ex. rel. Tillman v. Alldredge*, 350 F.Supp. 189, 195-96 (E.D. Pa. 1972); *Poindexter v. Rader*, 2011 WL 1193022, at *9 (E.D. La. filed Mar. 14, 2011); *Lerma-Castillo v. United States*, 2009 WL 2914235, at *6 (W.D. Tex. filed Sept. 8, 2009)). The Commonwealth emphasizes that it did not make a plea offer. *Id.* at 12-14. Lastly, the Commonwealth argues that the PCRA court rejected Appellant's testimony that trial counsel did not explain the maximum possible sentence he faced as incredible. *Id.* at 14-15 (citing PCRA Ct. Op., 7/20/20, at 2).

The Commonwealth further contends that Appellant "has not established how he was prejudiced by trial counsel's thorough, diligent preparation for, and performance at, [Appellant's] trial, . . ." *Id.* at 16. The Commonwealth argues that Appellant cannot establish prejudice as there is no evidence that a plea offer would have been made nor that Appellant would have accepted it. *Id.* at 18.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Mitchell**, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

We presume that the petitioner's trial counsel was effective. **Commonwealth v. Freeland**, 106 A.3d 768, 775 (Pa. Super. 2014). To establish a claim of ineffective assistance of counsel, a petitioner "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Commonwealth v. Turetsky**, 925 A.2d 876, 880 (Pa. Super. 2007) (citations omitted).

Generally, to be entitled to relief on a claim of ineffective assistance of counsel a petitioner must establish (1) that the underlying claim has arguable merit; (2) that counsel lacked a reasonable basis for his action or inaction; and (3) but for the act or omission in question, the outcome of the proceedings would have been different (*i.e.*, petitioner was prejudiced). **Commonwealth**

*v. Washington*, 927 A.2d 586, 594 (Pa. 2007).[2] "A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs." *Id.* (citations omitted).

"A criminal defendant has the right to effective counsel during a plea process as well as during a trial." *Commonwealth v. Kehr*, 180 A.3d 754, 760 (Pa. Super. 2018) (citation omitted); *see also Lafler v. Cooper,* 566 U.S. 156, 162 (2012) (stating "[d]efendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process" (citations omitted)).

However, "[t]he Commonwealth is never under any legal obligation to plea bargain with any defendant. Stated another way[,] a defendant has no constitutional right to a plea bargain arrangement. . . ." *Commonwealth v. McElroy*, 665 A.2d 813, 816 (Pa. Super. 1995) (citation omitted); *accord Missouri v. Frye*, 566 U.S. 134, 148-49 (2012) ("a defendant has no right to be offered a plea, nor a federal right that the judge accept it" (citations omitted)).

This Court has explained:

> In *Lafler*, . . . the Supreme Court of the United States elucidated the showing necessary to satisfy *Strickland*'s prejudice prong (the third prong of the *Pierce* test) in cases where counsel's ineffectiveness causes a defendant to reject a plea offer.

---

[2] Pennsylvania's three-part standard for assessing claims of counsel ineffectiveness adopted in *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987) is materially identical to the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Washington*, 927 A.2d at 594 n.8.

\*   \*   \*

The Supreme Court concluded that Cooper's counsel had been ineffective, and explained that a post-conviction petitioner seeking relief on the basis that ineffective assistance of counsel caused him or her to reject a guilty plea must demonstrate the following circumstance:

> [B]ut for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

***Commonwealth v. Steckley***, 128 A.3d 826, 832 (Pa. Super. 2015) (quoting

***Lafler***, 566 U.S. at 164).

In ***Steckley***, trial counsel failed to advise the defendant about an applicable twenty-five year mandatory minimum sentence. ***Id.*** at 830. The Commonwealth extended, and the defendant rejected, two plea offers: one for three to six years' imprisonment and the other for two to six years' imprisonment. ***Id.*** at 829. The defendant was found guilty at trial, and was sentenced to twenty-five to fifty years' imprisonment. ***Id.*** At the PCRA hearing, Steckley's trial counsel testified that she was unaware of the potential twenty-five year mandatory minimum sentence. ***Id.*** at 830. The PCRA court granted relief, and this Court, in relevant part, affirmed the PCRA court's conclusion that but for trial counsel's ineffectiveness, defendant would have

accepted the Commonwealth's plea offer of two to six years.[3]  *Id.* at 830, 834-36.

Here, the PCRA court noted that "[t]estimony demonstrated that [Appellant] had had numerous meetings with his counsel to discuss the case, possible witnesses and areas of questioning, as well as the charges and their consequences."  PCRA Ct. Op. at 2.  Accordingly, the PCRA court found that Appellant's testimony that trial counsel did not explain the consequences of going to trial not credible.  *Id.*

Further, the PCRA court explained:

Finally, we were satisfied that [Appellant] failed to demonstrate that trial counsel was ineffective for not requesting or making a guilty plea offer.  We found that the District Attorney never extended a plea offer to [Appellant].  Furthermore, there was no evidence that one would have been made if trial counsel had requested it.  In addition, the evidence clearly established that trial counsel did not request or make a plea offer because [Appellant] adamantly maintained his innocence.  We cannot find that [trial c]ounsel is obligated to craft or seek out plea offers under those circumstances unless affirmatively requested by the client.[fn5]

[fn5] We also note that [Appellant] never suggested to his counsel that he would be interested in a plea offer.  We cannot find that the Sixth Amendment obligates counsel to pursue plea negotiations under the facts of this case. [Appellant] has not cited, nor did we find any controlling authority on the issue.  However, we did find persuasive guidance in *U.S. ex rel. Tillman v. Alldredge*, 350 F. Supp. 189, 195-96 (E.D. Pa. 1972).

---

[3] The *Steckley* Court reversed the PCRA court's award of a new trial and remanded for the Commonwealth "to reoffer the plea proposal" in order to "neutralize the taint of the constitutional violation."  *Steckley*, 128 A.3d at 837-38 (citations and footnote omitted, and formatting altered).

- 11 -

PCRA Ct. Op. at 4 (some footnotes omitted).

Having reviewed the record, the parties' arguments, and the PCRA court's opinion, we conclude that no relief is due. As to the arguable merit and reasonable basis elements of the **Strickland**/**Pierce** test, we cannot locate, nor has Appellant cited, any controlling authority. Specifically, none of the cases cited by Appellant hold that when the defendant maintains his innocence, counsel is ineffective for failing to consult with a client about initiating plea negotiations and requesting a plea offer from Commonwealth.[4]

To the contrary, both the Commonwealth and the PCRA court have cited federal case law rejecting similar claims of ineffectiveness based on the failure to establish counsel's deficient performance under the **Strickland** standard. **See Tillman**, 350 F. Supp. at 195-96; **Poindexter**, 2011 WL 1193022, at *9; **Lerma-Castillo**, 2009 WL 2914235, at *6.[5] We find these federal cases to

---

[4] We note the federal court decisions Appellant has cited are distinguishable from this case on the facts as **Booth** involved deficient advice not to enter an open guilty plea, which would have reduced the guideline sentencing range under the U.S. Sentencing Guidelines, after the defendant rejected a plea offer that required him to become a cooperating witness. **See Booth**, 432 F.3d at 544-50. **Day** involved deficient advice regarding the maximum possible sentence, resulting in defendant rejecting a plea offer extended by the government. **See Day**, 969 F.2d at 44, 47. Moreover, to the extent Appellant cites **Booth** and **Day** to support his position that his awareness of the consequences of proceeding to trial was relevant, the record here supports the PCRA court's factual findings that trial counsel advised Appellant of the consequences of going to trial. **See Mitchell**, 105 A.3d at 1265.

[5] In **Poindexter**, the court held that "[g]iven Poindexter's claims of innocence, counsel's decision to proceed to trial rather than encourage a guilty plea was not advice below constitutional standards." **See Poindexter**, 2011 WL

be persuasive in circumstances where the defendant adamantly maintains his innocence before trial, during trial, and through sentencing. **See Arcelay**, 190 A.3d at 615 n.12. Therefore, we agree with the PCRA court that Appellant has not established his claim had arguable merit or that his counsel lacked a reasonable basis for his actions under **Strickland**/**Pierce** standard.

As to prejudice, Appellant has failed to establish a reasonable probability that a plea offer would have been offered by the Commonwealth, the trial court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. **See Steckley**, 128 A.3d at 832. The record supports the PCRA court's finding that the Commonwealth did not make a plea offer in this case. **See** PCRA Ct. Op. at 4. Furthermore, the record contains no evidence indicating that the Commonwealth would have made a plea offer if trial counsel had requested one. **See McElroy**, 665 A.2d at 816. Lastly, Appellant testified that he would have "most likely" considered

---

1193022, at *9. In **Lerma-Castillo**, the court stated that it "cannot and does not find [counsel's] legal assistance deficient because he chose to try [the defendant's] case rather than force her to plead guilty, given her unwavering claims of innocence." **See Lerma-Castillo**, 2009 WL 2914235, at *6 (citation omitted). In **Tillman**, the court declined to find an attorney "who fails to explore the possibility of a plea bargain on behalf of a client who insists that he is innocent[]" ineffective. **See Tillman** 350 F. Supp. at 195-96. The decisions of the lower federal courts are not binding on this Court. **See Commonwealth v. Tedford**, 960 A.2d 1, 15 (Pa. 2008). However, such decisions "may be persuasive [authority]." **Commonwealth v. Arcelay**, 190 A.3d 609, 615 n.12 (Pa. Super. 2018) (citation omitted).

a plea offer if one was presented to him, not that he definitely would have accepted a plea offer from the Commonwealth. ***See*** N.T., 7/17/19, at 13-14.

Accordingly, Appellant has failed to establish a meritorious ineffectiveness claim under the ***Strickland***/***Pierce*** standard. For these reasons, we agree with the PCRA court that no relief is due and affirm the PCRA court's denial of Appellant's PCRA petition. ***See Ousley***, 21 A.3d at 1242.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/16/2021